IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cr-00010-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE LUIS RODRIGUEZ-PALACIOS,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the United States' **Emergency Motion for Stay and Motion to Vacate Order for Lack of Jurisdiction** [#14] (the "Motion"). The District Judge construed the Motion as a motion for reconsideration of my order of release of Defendant Jose Luis Rodriguez-Palacios "because it contains arguments pursuant to 18 U.S.C. § 3142 that had not been previously raised" before me, and therefore she referred the Motion [#14] to me for adjudication. *Order Referring Motion* [#15]. Defendant subsequently filed a Response [#19] in opposition to the Motion [#14]. No reply was permitted. *See* [#16].

**I. Background**

Defendant is charged by indictment with one count of illegal re-entry after a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1). *See* [#1]. The indictment was filed

on January 8, 2019, and an arrest warrant issued the same day. *See* [#1, #3]. Because Defendant was in state custody at Cheyenne Mountain Reentry Center in Colorado Springs, Colorado, the government requested a writ of habeas corpus ad prosequendum on September 10. *See* [#4]. The Writ was issued by the Court on September 12, directing that Defendant be held "at all times in custody as an agent of the United States of America until final disposition of the defendant's case, and immediately thereafter to return the defendant to the institution where he was confined." *See* [#5, #6].

On September 19, Defendant's arrest was noted on the docket and he appeared before me later that day for an Initial Appearance, Arraignment, Discovery and Detention Hearing. *See* [#7, #8]. At the hearing, the government requested: "Although the defendant is currently detained at the state level, . . . what the government would like to do would be able to preserve it[s] right to seek detention [at] the point at which the defendant would be released from state custody." *Hearing Tr.* [#19-1] at 5.[1] Defendant's release date from state custody is indefinite but could be anywhere between "a couple months," *see id.*, and September 29, 2020, Defendant's mandatory release date from state prison, *see id.* at 24. Defendant objected to the government's request, arguing that he was subject to the Bail Reform Act's presumption of release and that the government had failed to justify a detention hearing. *See id.* at 6-8. Ultimately, the Court concluded under the Bail Reform Act that there was no risk of flight because Defendant would be released into state custody, and then ordered probation to interview him as part of the pretrial release process. *See* 18

---

[1] With respect solely to the hearing transcript, the Court cites to the transcript page numbers rather than to the page numbers of the electronic docket.

U.S.C. §3142(c).

In the present Motion, the government argues that the release order should be vacated on three separate grounds. *Motion* [#14] at 3-8. First, the government argues that the Writ independently mandates federal detention. *Id.* at 3-4. Second, the government argues that the Bail Reform Act does not apply to a defendant appearing on a writ. *Id.* at 5-7. Third, the government argues that, even if the Bail Reform Act does apply, the Court should analyze the risk of flight without reference to state custody. *Id.* at 8. The Court begins with the second argument.

## II. Analysis

### A. Legal Standard: Motion for Reconsideration

"Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (internal quotation marks omitted). "Grounds warranting a motion to reconsider" are the same as those in civil cases, including "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *United States v. Koerber*, 966 F. Supp. 2d 1207, 1211-12 (D. Utah 2013) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *accord United States v. Alvarez*, No. 10-CR-203-SWS, 2015 WL 11202687, at *1 (D. Wyo. June 22, 2015). The government's Motion [#14] appears to rest on the third ground, i.e., the need to correct clear error or prevent manifest injustice.

**B.     Whether the Bail Reform Act Applies to a Defendant Appearing on a Writ**

The government argues that the Bail Reform Act does not apply to a defendant appearing on a writ of habeas corpus ad prosequendum. *Motion* [#14] at 5-7. "A writ of habeas corpus *ad prosequendum* is an order issued by a federal district court requiring the state to produce a state prisoner for trial on federal criminal charges." *United States v. Ray*, 899 F.3d 852, 858 n.2 (10th Cir. 2018) (citing *United States v. Mauro*, 436 U.S. 340, 357-58 (1978)); *see also* 28 U.S.C. § 2241(c)(5) (stating that the writ of habeas corpus shall extent to a prisoner if "[i]t is necessary to bring him into court to testify or for trial").

The Bail Reform Act provides that "[a] judicial officer authorized to order the arrest of a person under section 3041 of this title before whom an *arrested person* is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter." 18 U.S.C. § 3141(a) (emphasis added). Thus, under the plain terms of the Act, it applies only to "arrested person[s]." *Id.*

The Tenth Circuit Court of Appeals does not appear to have directly addressed whether the Bail Reform Act applies to a person appearing before the Court under a writ of habeas corpus ad prosequendum. Thus, the Court begins by examining a similar case in which the First Circuit Court of Appeals determined whether a writ of habeas corpus ad prosequendum was an "arrest" for purposes of the Speedy Trial Act. *United States v. Kelly*, 661 F.3d 682, 687 (1st Cir. 2011). In relevant part, the Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The First

-4-

Circuit noted that "[t]he question presented here is whether an appearance under a writ of habeas corpus *ad prosequendum* constitutes an 'arrest' or a 'summons' under" the Speedy Trial Act. *Kelly*, 661 F.3d at 687. The Speedy Trial Act, "by its terms, applies only where there is an 'arrest' or service of a 'summons' in connection with the relevant federal charges." *Id.* (citing 18 U.S.C. § 3161(b)).

The First Circuit held that "[i]ssuance of a writ of habeas corpus ad prosequendum is neither an arrest nor a summons." *Kelly*, 661 F.3d at 687. "Unlike an arrest, where an individual is taken into custody, the writ requires only a temporary physical transfer of an already detained individual." *Id.* (citing *Black's Law Dictionary* 124 (9th ed. 2009) (defining arrest as "[t]he taking . . . of a person in custody by legal authority . . . the apprehension of someone").[2] "Full custody remains in the jurisdiction of detention; at best, custody under the writ is temporary and limited." *Kelly*, 661 F.3d at 687. "Moreover, unlike a summons, the writ is issued not to the individual, but instead to the custodian, directing transfer of the defendant." *Id.* The First Circuit therefore concluded that "the issuance of the writ, by the literal terms of the statute, did not trigger" the Speedy Trial Act. *Id.*

The First Circuit also noted that the language of the Speedy Trial Act "operates against the backdrop of Rule 4 of the Federal Rules of Criminal Procedure, which provides the mechanism for issuing an arrest warrant or a summons: after a complaint establishes probable cause, 'the judge must issue an arrest warrant to an officer authorized to execute it,' although at the request of the government 'the judge must issue a summons . . . to a

---

[2] The Court notes that the definition of "arrest" has not changed in the most recent edition of *Black's Law Dictionary*. *See Black's Law Dictionary* (11th ed. 2019).

person authorized to serve it.'" *Id.* (quoting Fed. R. Crim. P. 4(a)). "Arrest warrants are executed by 'arresting the defendant,' while summons are issued by 'ser[vice] on an individual defendant.'" *Kelly*, 661 F.3d at 687 (quoting Fed. R. Crim. P. 4(c)(3)(A), (B)). The First Circuit determined that "[t]he rule makes clear that writs *ad prosequendum* are not arrests or summonses, as such writs involve neither issuance nor execution of an arrest warrant nor service of a summons on an individual defendant." *Kelly*, 661 F.3d at 687.

Finally, the First Circuit noted that "an arrest under the [Speedy Trial Act] is typically the beginning of continuing restraints on [a] defendant's liberty imposed in connection with the formal charge on which [a] defendant is eventually tried." *Id.* at 688 (citations and internal quotation marks omitted). "Issuance of the writ ad prosequendum is not the beginning point of such restraints; by definition such writs only issue to those already in custody on other charges." *Id.* In support, the First Circuit pointed to the analogous situation "[w]here a state arrest takes place and the United States later files a complaint and a detainer seeking to prosecute that individual, there is no federal 'arrest' under the [Speedy Trial] Act, as the individual is in custody based on state law violations." *Id.* at 689.[3]

Here, the Court finds that the persuasive reasoning of the First Circuit in connection with writs and arrests under the Speedy Trial Act applies with equal force under the Bail Reform Act given that the Bail Reform Act's authority is only over "arrested person[s]." *Id.* The Court recognizes that some other courts have held that the Bail Reform Act does apply

---

[3] The Fourth Circuit Court of Appeals has also approvingly cited to *United States v. Kelly* for the proposition that "an appearance under a writ of habeas corpus ad prosequendum [does not] constitute[ ] an arrest." *United States v. Champion*, __ F. App'x __, __, No. 18-4274, 2019 WL 2443038, at *1 (4th Cir. June 11, 2019).

to persons appearing under writs of habeas corpus ad prosequendum. The foremost case cited by both parties is *United States v. Dimmick*, 82 F. Supp. 3d 866, 868-69 (N.D. Iowa 2015). *See also United States v. Troedel*, No. 2:12-cr-81-FTM-29DNF, 2012 WL 4792457 (M.D. Fla. Oct. 9, 2012); *United States v. Hayes*, No. CR-07-45-HE, 2007 WL 708803, at*1 (W.D. Okla. Mar. 2, 2007); *United States v. Butler*, 165 F.R.D. 68 (N.D. Ohio Feb. 9, 1996). However, with all due respect to *Dimmick* and the other decisions cited above, the Court notes that none examined the impact of 18 U.S.C. § 3141(a)'s limitation of the judicial officer's "release and detention authority" to "arrested person[s]."

Defendant argues that he was an "arrested person" for purposes of the Bail Reform Act. *Response* [#19] at 5-6. He states: "The government overlooks the facts that in addition to the writ, the government applied for and obtained an arrest warrant for [Defendant], and that warrant remained active until he appeared in federal custody on September 19, 2019." *Id.* "Moreover, the arrest warrant was returned executed when Mr. Rodriguez was brought into federal custody on September 19, 2019." *Id.* at 6.

The Court first notes that it is true that an arrest warrant was issued for Defendant on January 8, 2019. *See* [#3]. However, a careful review of the electronic docket shows that no arrest warrant has been returned executed as to Defendant, as would typically occur if an arrest warrant had actually been executed in this case and if Defendant had actually been arrested. Second, the Court notes that the Clerk of Court did indeed put a text-only entry on the electronic docket stating, "Arrest of Jose Luis Rodriguez-Palacios," in order to set an Initial Appearance hearing for Defendant on the Court's calendar. *See* [#7]. The terminology used by the Clerk's Office does not appear to be technically correct,

however, as the Court has discussed at length above. This rote (and, in this situation, misleading) language is simply used for purposes of setting an initial appearance before a magistrate judge.

Accordingly, the Court finds that Defendant, appearing on a writ of habeas corpus ad prosequendum, was not an "arrested person" for purposes of the Bail Reform Act and therefore that the Bail Reform Act does not apply to him.

## C.  Whether the Writ Independently Mandates Federal Detention

Because the Bail Reform Act does not apply at this time in this case, the Court next determines whether the writ independently mandates federal detention, as the government argues. *Motion* [#14] at 3-4. As noted above, the writ of habeas corpus ad prosequendum issued by the Court in this case ordered, in relevant part, that Defendant be held "at all times in custody as an agent of the United States of America until final disposition of the defendant's case, and immediately thereafter to return the defendant to the institution where he was confined." *See* [#5, #6].

The plain language of the Writ merely requires the government to hold Defendant in temporary custody on behalf of the state (which retains primary custody) until the completion of Defendant's federal case. *See Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002). In other words, Defendant is technically still detained by the State of Colorado and not by the District of Colorado, even though the District of Colorado temporarily has physical custody of him. *See, e.g.*, *Kelly*, 661 F.3d at 689 ("The writ *ad prosequendum* did not change any of this: [the defendant] was at all relevant times in custody pursuant to the Western District's authority, as the writ merely loaned him to the

District of Maine for appearance. He was subject to detention based on the Western District warrant, not the Maine warrant, and the Western District charges remained the basis of his detention throughout the Maine proceedings."). Thus, Defendant's detention by the State of Colorado remains the basis for his detention here throughout proceedings in this Court.

Accordingly, the Court finds that the Writ of Habeas Corpus ad Prosequendum in this case mandates that Defendant remain in temporary federal custody until the conclusion of criminal proceedings against him.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#14], construed as a motion to reconsider, see [#15], is **GRANTED**. The Court's release order is **VACATED**. See [#8]. Pursuant to the Writ of Habeas Corpus ad Prosequendum [#6], Defendant shall remain in "custody as an agent of the United States of America . . . until immediately after the conclusion" of the criminal proceedings against him in the United States District Court for the District of Colorado, at which time he shall be returned to the state institution in which he was confined. See Order for Writ of Habeas Corpus ad Prosequendum [#5].

Dated: October 7, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge